SAVOY, Judge.
This suit was instituted by plaintiff against defendant for materials furnished and labor performed on a dwelling owned by defendant. Plaintiff alleged that there was no written contract between him and defendant and that the materials and labor, as specified in the itemized statements introduced in evidence in this suit, were furnished as requested by defendant and used in the construction of the dwelling owned by defendant; that the dwelling was built by defendant in accordance with his own plans and specifications, and that the total amount for labor and materials amounted to $3,366.82. Plaintiff alleged further that he made amicable demand for payment without avail, and requested judgment in the sum specified above, and asked that a materialman’s and laborman’s lien and privilege filed in this suit be recognized *813 against the property described in his petition, and that in due course the property be sold to satisfy his claim against defendant.
Defendant filed an answer admitting an oral contract between the parties, but denied the remainder of plaintiff’s allegations as set forth in his petition. Further answering plaintiff’s petition, defendant alleged that on October 1, 1957, he and plaintiff entered into a verbal contract whereby plaintiff agreed to build for defendant the house in question for the sum of $2,300, and to furnish all labor and materials in connection therewith, said house to consist of a living room, bedroom, bathroom, dinette and kitchen combination, and carport; that defendant was to lay a concrete foundation for the building which was to be finished and leveled by plaintiff, plaintiff was to furnish the brick for the exterior walls which were to be laid by plaintiff, and plaintiff was to be responsible for the plumbing in said residence. Defendant alleged that the consideration of $2,300 was to be satisfied in the following manner: $1,000 cash to be paid on the completion of the building, and plaintiff was to advertise for the remaining $1,300 over a radio station in. Alexandria, Louisiana, where defendant was employed as a disc jockey. Defendant alleged further that plaintiff had not complied with the terms of his contract in the construction of the building in that the building was not constructed in a good and workmanlike manner and that defendant was forced to hire another contractor to correct said defects. Defendant particularized the defects in said building in his answer, and then assumed the position of plaintiff-in-reconvention and asked for a money judgment against plaintiff, defendant-in-reconvention, in the sum of $1,259.99.
After a lengthy trial, the district judge rendered judgment in favor of plaintiff on the original demand in the sum of $2,525, subject to a credit in the sum of $346.56 for radio advertisements rendered on behalf of plaintiff at defendant’s expense. He non-suited the reconventional demand filed on behalf of defendant, plaintiff-in-recon-vention, for the reason that he found that plaintiff-in-reconvention had not proven his claim with that certainty required by law. From this judgment defendant has appealed.
As stated by the trial judge, the evidence in connection with the oral contract consists of the testimony of plaintiff and of defendant and his wife. Plaintiff and defendant and his wife have an entirely different version of the contract. The evidence reflects that before any work had been undertaken by plaintiff, defendant had a third party lay the foundation for the walls and build a brick chain wall thereon. Plaintiff leveled and smoothed the concrete which the defendant had poured within the chain wall as the slab upon which to build the house. Defendant alleged in his answer that plaintiff was to do the exterior brick work, however, he admitted during the trial that plaintiff was not to do the exterior brick work and that the pleadings were not correct in that respect. Defendant’s wife testified that the consideration for the contract was as stated by her husband, the defendant herein, but she admitted on cross-examination that she was not present during all the negotiations between the plaintiff and defendant.
Plaintiff had as his witnesses John Elmo Vercher, Mrs. Elsie Mae Gypin, Columbus Bobb, Ernest Cyriaque, Harold Allen Young, and plaintiff himself.
John Elmo Vercher testified that he was a carpenter employed by the Boyce Building Supply Company owned by plaintiff, that he worked on defendant’s building, that the only plan presented to him was a sketch on a piece of paper, and that defendant directed the manner in which the work was to be done. Vercher stated that he told defendant that the foundation was not squared. Defendant stated that he told Vercher to do the best he could under the conditions. He also stated that defendant requested that he wire the premises, and that Vercher explained that the electrical code of the City of Alexandria only permitted electricians *814 duly licensed by the City to do that work, and defendant stated that he as a property owner had the right to do the work if it met the specifications of the City. Later the electrical work had to be done by Central Electric Company as it had not been done correctly.
Mrs. Elsie Mae Gypin testified that she was the bookkeeper for the plaintiff’s firm, that the instant job was treated as a cost plus job instead of a job being performed under contract, and that statements were handed to an employee to be given to defendant at certain intervals.
Columbus Bobb testified that at the time he went to work on the residence the chain wall and bricks had been laid and he finished laying the slab. He stated that he was present when Vercher told Robinson that one side of the brick chain wall was longer than the other. Robinson replied that he only wanted a place to live until he moved into his house, that he was not interested in the fact that the brick chain wall was not square.
The evidence reflects further that after the construction was commenced changes were made in the structure in that a shed which had been connected to the building in question was removed and the carport roof was changed from a flat type roof to a gabled one.
The original plans were not introduced in evidence, but a purported copy thereof was introduced.
The record shows that defendant’s wife kept a detailed statement of the number of men working on the job and the charges made by them, and that when she later went to plaintiff’s place of business and checked the labor charges against those made by plaintiff, the only difference between the two was for a period of two days. It appears to this Court that had the agreement been for a stated sum as contendéd by defendant, there would have been no occasion for the wife of defendant to have kept such a dose check on the labor charges.
It also appears to this Court that if defendant and plaintiff had entered into the building of said structure for a stated price, defendant would have contracted for the erection of the whole of said building, rather than for a portion thereof.
We find no manifest error in the ruling of the trial judge on his finding of facts. The parties could have easily protected themselves by having a written contract drawn up with plans and specifications attached thereto.
The district judge disallowed a portion of plaintiff’s claim for the reason that plaintiff had added, in arriving at his figure on which’ he sued, a gross profit of 331/3 per cent. The evidence does not reflect whether this percentage was added to the material or labor charges or to both. The trial judge rejected this portion of the claim. As the trial court pointed out, defendant had not been informed as to the amount of percentage plaintiff would charge for labor and material.
On the reconventional demand, plaintiff-in-reconvention admitted that of the total amount sued for, namely, $1,259.99, $600 was not owed by plaintiff, defendant-in-reconvention. In support of his recon-ventional demand, defendant had two general contractors testify, the first being Mr. William C. Mabry, who testified that he did some corrective work on the building as the labor had not been performed in a good and workmanlike manner. However, he only estimated the amount necessary to make said corrections and never did furnish the court an itemized statement. The other witness for defendant, Mr. Ephriam Sweat, testified that the building was poorly constructed. He did not go into detail and did not testify as to the amount necessary to correct tire defects.
The district judge non-suited the reconventional demand filed by defendant, plaintiff-in-reconvention, in this suit on the ground that the claim had not been established with sufficient certainty to grant *815 him the relief prayed for. We are in agreement with this finding.
For the reasons assigned, the judgment of the district court is affirmed at defendant’s costs.
Affirmed.